The opinion of the court was delivered by
Brewer, J.:
Plaintiffs in error seek by this proceeding to have reversed an- order of the district judge dissolving a temporary injunction. The facts, as disclosed in the petition,, (and this was all the evidence on the hearing,) are briefly these: On the 20th of April. 1872, the First National Bank of Ottawa loaned to the plaintiffs $14,954.08, which was an amount exceeding one-tenth of its capital stock, of which amount $10,000, and interest, was secured by a mortgage on real estate. The notes given for the $4,954.08 were transferred to the National Bank of Lawrence, and by it, after maturity, placed in judgment. ,t The notes secured by mortgage were not due when this action was commenced. It was alleged that this mortgage and securities were taken in violation of the National Banking Act under which the corporations defendant were organized, and that the Ottawa Bank threatened to transfer these notes and mortgage for value to some innocent purchaser before their maturity, and thus .prevent the plaintiffs from availing themselves of their legal defense to them. The prayer was, that the Ottawa • Bank might be temporarily restrained from transferring the notes and mortgage, and that upon a final hearing these instruments be decreed to be void, and ordered canceled. It is unnecessary for us to determine whether these securities are valid or not, for conceding that the whole transaction was one forbidden by the Banking Act, and that the notes and mortgage were void, and could not be enforced, still we think the petition discloses no cause of action, no ground for relief. The cardinal principle of equity, that which underlies its-whole jurisprudence, is this, that he who seeks equity must do equity. To grant the plaintiffs the relief they ask, would be ip plainest disregard of this principle. They admit borrowing from the bank over fourteen thousand dollars of its money. They have never paid it back, but still hold it all. *242 With this money of another’s in their pocket they ask a court of equity to permit them to keep it. Grant that the bank was guilty of an infraction of the law in making the loan, and that by reason thereof it can never enforce payment in the courts; still, the wrong of the bank does not give to the plaintiff any moral right to appropriate the money of another.' It is not enough for the plaintiff in an equity suit to show that the defendant has done wrong; he must also make it .appear that he has done right. Many words could not make this plainer, and until they can make it apparent that it is according to equity and good conscience to borrow money and not repay it, the plaintiffs need expect no relief in an action like this. (Mott v. Trust Co., 19 Barb., 568.) The case in many features resembles that of a usurious loan, and in such case it is well settled that ^he borrower must tender the' amount borrowed before he can ask for the cancellation of the securities. 1 Story’s Eq. Juris., § 301. The judgment will be affirmed.
Kingman, C. J., concurs.
Valentine, J., not sitting in the case.