## REED v. C., R. I. & P. R. Co.

1. **Practice**: EVIDENCE: ADMISSION OF. Where certain evidence was ruled out, but afterward the same in substance was admitted, it was held, i* error, to be without prejudice.

2. ———: INSTRUCTIONS. If the true meaning of the instructions was sufficiently plain, and could not have been misunderstood by the jury, there was no error.

3. **Railroads**: PERSONAL INJURIES: MEDICAL ATTENDANCE. To recover for medical attendance and medicines, in actions for personal injuries, the value thereof must be established by proof; and where no value is shown, an instruction including reasonable compensation therefor, is erroneous.

*Appeal from Mahaska District Court.*

SATURDAY, OCTOBER 22.

ACTION to recover for personal injuries sustained by plaintiff while in the employment of defendant, by reason of the negligence of his co-employe. There was a verdict and judgment for plaintiff. Defendant appeals.

*M. E. Cutts*, for appellant.

*John T. Lacy*, for appellee.

BECK, J.—I. Plaintiff was acting as a brakeman of a train operated upon defendant's railroad, and while endeavoring to couple the engine to a part of a train, one of his fingers was injured. He claims the injury was caused by the fireman's negligence, who was in charge of the engine, in moving it without a warning or signal to plaintiff.

It was shown that plaintiff was not employed by any of the officers of defendant and was only temporarily serving in the place of the regular brakeman, who, for some reason, was unable to be upon the train. But it appears that plaintiff was required to perform temporarily the services of the regular brakeman and did enter upon them with the knowledge and consent of the conductor, who was authorized, under the rules of defendant, in case of the disability of a brakeman, to supply his place by the temporary employment of a proper person.

II. Upon the trial the conductor was asked if he hired the plaintiff, and under what arrangements between him and the conductor he was to work. Upon the objection of plaintiff the court held that the question was incompetent. The ruling is complained of as being erroneous. Without determining as to the materiality or competency of the evidence sought to be elicited, we are of the opinion that the error in the ruling, if there be any, was cured by the testimony of the conductor, immediately given, to the effect that plaintiff did no work by reason of any arrangement between plaintiff and witness. This testimony went to the jury and it was just what defendant sought to elicit by the question held to be improper. The evidence desired was, therefore, before the jury, and defendant received its full benefit. No prejudice, therefore, resulted from the ruling under consideration.

1. PRACTICE: evidence: admission of.

III. The court gave numerous instructions applicable to the issues and facts developed upon the trial and refused a number asked for by defendant. We are inclined to think, but we do not so decide, that the instructions given with but one exception were correct, and that those refused ought not to have been given. It would be unprofitable to reply to the ingenious criticism of the language of the instructions by which those given are assailed and those refused supported by the argument of defendant's counsel. The true meaning of the instructions given is, we think, sufficiently plain and could not have been misunderstood by the jury.

2. ——: instructions.

Those refused were in conflict with or presented rules embraced in those given. There was no error in withholding them.

IV. The court directed the jury that if they found that plaintiff was entitled to recover, they should among other damages allow for "expenses reasonably incurred for medical care and attention." Of course upon proper evidence showing the amount, or proximate amount, of these expenses, plaintiff would be entitled to recover them. But there is not one word in the evidence upon which an estimate can be based of their amount. The testimony shows that plaintiff was treated by a physician three or four times and that he procured medicine for his injuries. The value of these medical services and medicines are not attempted to be shown in any manner and their extent and character are no more definitely shown in the testimony than in the statement we have just made. Under the instruction in question the jury were directed to include compensation for medical services in their verdict. They doubtless would feel authorized to determine the amount to be allowed therefor according to their own judgment without aid of evidence. But the law cannot be administered in this uncertain way. Damages of this kind cannot be found by the jury except upon proof. It will not do to say that the amount of damages allowed by the jury may have been small. We can know nothing about the amount and if we could know it to be insignificant, we could not relieve this case from the operation of the familiar rules of law which require damages of the character of those under consideration to be established by proof. For the error pointed out the judgment of the District Court must be

REVERSED

3. RAIL-
ROADS : per-
sonal injur-
ies : medical
attendance.