# D. L. Gillespie & Co. v. William Rogers, Appellant.

*Judgment—Opening judgment— Promissory note—Practice,  C.  P.— Laches.*

Defendant filed an affidavit of defense to an action upon a promissory note, averring that the note was given for the accommodation of plaintiffs, without consideration.    He subsequently withdrew the affidavit of defense and confessed judgment for the amount of the note.    Fifteen months after the entry of the judgment he petitioned the court to open it, averring that the note was a forgery.    An affidavit of another person accompanying the petition for the rule averred that the defendant was accustomed to sign notes in blank for the accommodation of the payee of the note in controversy, but that it was understood that the amounts filled in should never exceed three hundred dollars.    In his petition for the rule defendant did not deny the genuineness of the signature or mention the agreement referred to in the affidavit.    His knowledge of the transaction was the same when he made his affidavit of defense as it was when he presented his petition.    It was not denied that the plaintiffs were innocent purchasers for value before maturity, and without notice of the alleged course of dealing.    *Held,* that under all the circumstances of the case defendant was not entitled to have the judgment opened.

Submitted Nov. 5, 1897. Appeal, No. 174, Oct. T., 1897, by defendant, from order of C. P. No. 1, Allegheny County, June T., 1896, No. 366, discharging rule to open judgment. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to open judgment.

The petition for the rule was as follows:

The petition of William Rogers, the defendant in the above case, respectfully represents that suit was brought at No. 366, June term, 1896, by plaintiffs v. defendant upon promissory note dated February 8, 1896, for $1,800, payable in sixty days after date alleged to have been made by William Rogers, the defendant, to the order of Doherty Bros. and indorsed by Doherty Bros. and given to the plaintiffs for valuable consideration; that on April 29, 1896, an affidavit made by defendant was filed in this case, setting up the defense that the note sued upon was without any consideration whatever, either to defendant or to Doherty Bros., or in the execution or indorsement and delivery of said note to said plaintiffs, and denying that the said plaintiffs acquired the said note for a valuable consideration, and alleging that, on the contrary, the whole transaction was made as an accommodation to said plaintiffs, without any consideration to this defendant or to Doherty Bros.; that shortly thereafter, to wit: on May 20, 1896, the aforesaid affidavit of defense was withdrawn and a judgment confessed for $1,814.10 was entered therein; that the defendant made the aforesaid affidavit at the time while in a condition of doubt as to whether or not the note sued upon in this case was his note or a forgery, and was very loth to raise a question of forgery when he knew he had complete and sufficient defense without setting up or alleging forgery; that since the filing of the aforesaid affidavit of defense, and since the entry of judgment upon confession, deponent has ascertained as a fact which he is able to prove that the note sued upon in this case was a forgery and a fraud upon him, and that he has never received any consideration, advantage or benefit therefrom in any way, shape or form from the aforesaid D. L. Gillespie or from Doherty Bros., aforesaid, and that Doherty Bros. well knew the said note to be a forgery, both at the time of delivering same to D. L. Gillespie and

Co. and at the time he importuned and prevailed upon the defendant to confess judgment for the aforesaid $1,814.10, upon the representation that that would be the last he would ever hear of the case; that the confession of judgment entered in this case was made through mistake as to the facts, in connection with the matters at issue in this case, and upon the advice and urgency of Geo. Doherty, doing business as Doherty Bros., the person to whose order the note in this case is drawn, and without any consideration to himself in any shape or form from either the said Geo. Doherty or from D. I.. Gillespie and Co.; that defendant has frequently requested plaintiffs to show him the original note alleged to have been made by him to the order of Doherty Bros., and by the latter indorsed and delivered to plaintiffs, but they have always refused to allow him to see the original note sued upon in this case, a copy of which only is filed herein.

Your petitioner therefore prays this honorable court that a rule may issue upon plaintiffs to show cause why the judgment entered at the above number and term should not be opened, and the defendant let into a defense.

The following affidavit was filed with the petition:

Before me, the subscriber, personally appeared Charles J. Henderson, who, being duly sworn, deposes and says, that he was employed by Doherty Bros. for several years in the capacity of bookkeeper, and as such employee was familiar with the transactions between William Rogers, defendant in the above entitled case, and Doherty Bros.; that Doherty for a long time had been in the habit of procuring from William Rogers his signature to notes with amounts left in blank to be filled for a small amount, and that the said Doherty would then in the absence of Mr. Rogers fill the blank up for a larger and different amount than that agreed upon by Mr. Rogers; that he knows that this practice was engaged in by Doherty, and that Mr. Doherty knew that Mr. Rogers would not consent to sign a paper with an amount written therein in a sum greater than $200 or $300. Deponent says that he was present when these transactions were had, and that Doherty would say to Mr. Rogers: "Mr. Rogers, we want to get your note for a small amount, $200 or $300." Then Doherty would have Mr. Rogers sign a note with the amount blank, and after Rogers would go

away Doherty would fill note with any amount necessary for his purpose, which would always be for a larger amount than that represented to Mr. Rogers that the note was for. Deponent states that he never knew of Mr. Rogers indorsing or signing a note represented to him to be for an amount over $200 or $300, but knows that several notes were filled out after Mr. Rogers had signed, for a larger amount than represented. Deponent states further that to his best knowledge and belief the aforesaid William Rogers never made and delivered the note sued upon in this case to Doherty Bros.

*Error assigned* was order discharging rule.

*R. P. Lewis*, for appellant.—A rule to open a judgment granted on defendant's petition, supported by an affidavit to its truth, and containing an allegation of his ability to prove its averments, is an equitable proceeding, and should be proceeded with according to the rules and practice in equity, and where no answer is filed and no evidence is offered to controvert its averments, the rule should be made absolute: Peter's Appeal, 176 Pa. 337; Hunter v. Mahoney, 148 Pa. 232; Stockwell v. Webster, 160 Pa. 473; Christie v. Steelsmith, 158 Pa. 117.

*J. S.* and *E. G. Ferguson*, for appellees.

OPINION BY MR. JUSTICE McCOLLUM, February 7, 1898:

This was an action of assumpsit on a promissory note for $1,800. It was brought, and a statement of claim accompanied by a copy of the note was filed, on April 13, 1896. On the 29th of the same month the defendant filed an affidavit of defense in which he averred that there was no consideration whatever for the note either to him, or to Doherty Bros., " or in the execution or indorsement and delivery of it to the plaintiffs " for whose accommodation he alleged it was made. On May 21, 1896, the defendant withdrew his affidavit of defense and confessed judgment for $1,814.10, that being the amount of the note with interest. Fifteen months and fourteen days after judgment was entered in the suit as above stated, he presented a petition to the court, in which he claimed that the note was

a forgery, and on which a rule was granted to show cause why the judgment should not be opened. The court, upon due consideration of the petition and the affidavit filed in aid of it, discharged the rule, and from the order discharging it this appeal was taken.

The petition was manifestly based on the affidavit of Henderson that the defendant was accustomed on the solicitation of Doherty Bros. to sign notes in blank for their accommodation, leaving it to them to fill in the amounts as they might have occasion to use the notes. It was further stated in his affidavit that it was understood between the defendant and Doherty Bros. that the amounts so filled in should not exceed three hundred dollars in any case, and that they were accustomed to disregard this understanding and to write into the notes such amounts as best accommodated them. From this course of dealing the affiant appears to have inferred that the defendant never made and delivered the note in suit to Doherty Bros. He does not allege that he has ever seen the note, or state other grounds than those above mentioned for his " best knowledge and belief." There is no denial in the defendant's petition or in Henderson's affidavit of the genuineness of the defendant's signature to the note in question, nor is there an averment in the defendant's petition of an agreement between him and Doherty Bros. such as is alleged in Henderson's affidavit. It could hardly be expected that the defendant would make such an averment in the face of the fact that he practically admitted in his affidavit of April 29, that he made the note for the accommodation of the plaintiffs, and of the further fact that he set up want of consideration as a defense to it.

It is very clear that if it was agreed between the defendant and Doherty Bros. that they should not write into any note he signed in blank for their accommodation an amount to exceed three hundred dollars, he knew when he appeared to take defense to the note in suit that they had violated the agreement. If, however, no agreement defining or limiting the amount to be filled in was made, it was for them to determine it. Assuming that Doherty Bros. wrote into the note in question a larger amount than they were authorized by the defendant to write into it, it does not follow that a purchaser of the note for value, before maturity and without notice of the course of dealing

between the maker and the payees, would be prejudiced by their action. It is not denied in the defendant's petition or in the Henderson affidavit that the plaintiffs were such purchasers.

The petition and the affidavit on which it was founded were vague and unsatisfactory. They were made on the same day, and the former was suggested by the latter. This sufficiently appears in the defendant's affidavit of September 8, in which he states that the information on which he acted was received on the day they were written. No evidence was offered to sustain them, and they were not sufficient upon their face to warrant the opening of the judgment. Aside from their own insufficiency, there were other matters in the way of the application to open it, to wit: the defendant's affidavit of defense filed on April 29 and withdrawn by him on May 21, his confession of judgment on the day he withdrew the affidavit, and his acquiescence in the judgment for fifteen months. To these obstacles in the way of his application may be added the further and obvious one that when he filed his affidavit of defense his knowledge of his transactions with Doherty Bros. was substantially the same as now.

The assignment is overruled and the order discharging the rule to open the judgment is affirmed.