CHARLES MIGHELL

*v.*

JOHN STONE.

*Opinion filed October 24, 1898.*

1. EVIDENCE—*evidence must be admitted if competent for any purpose.* Evidence, if competent for any purpose, must be admitted, and its application restricted by instruction, if necessary.

2. PLEADING—*when declaration charges seduction.* A declaration alleging that the defendant "debauched and carnally knew" the plaintiff's daughter properly charges seduction.

3. DAMAGES—*disgrace is a material element of damage in seduction.* In an action by a father for the seduction of his daughter the disgrace brought upon the plaintiff and his family is a material element of damage.

*Mighell* v. *Stone*, 74 Ill. App. 129, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Grundy county; the Hon. GEORGE W. STIPP, Judge, presiding.

HALEY & O'DONNELL, for appellant.

S. C. STOUGH, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The appellee recovered a judgment against appellant for the seduction of his daughter, whereby she became pregnant and was delivered of a child. This judgment was affirmed by the Appellate Court, and the errors assigned here are, that it erred in affirming the judgment and in its rulings upon the law, and that its finding is contrary to the evidence.

The affirmance of the judgment of the circuit court is conclusive upon this court as to the facts.

It is claimed that evidence was improperly admitted relating to defendant's refusal to marry the daughter.

The daughter had testified that after going with the appellant for about six months, and after many expressions of devotion, the defendant had accomplished her ruin on the promise of marriage. He denied this statement, and in connection with the cross-examination on such denial certain questions were asked and answered, which is made the basis of this objection. While such examination may have been extended beyond the proper limits, yet the record shows it was but incidental to the subject matter of the cross-examination. The context shows it was not for the purpose of making his refusal to marry a basis for a claim of damages on the part of the father. It is said in *Mains* v. *Cosner*, 62 Ill. 465: "The admission of testimony that the defendant had promised marriage was in conformity with nearly all the authorities. The evidence was admissible, because tending to show that the defendant sought the society of plaintiff's daughter under the pretense of honorable motives, and that the illicit intercourse was, therefore, the result of seduction on his part, in the strict sense of the term." Where evidence is competent for any purpose it must be admitted, and if its application should be restricted that may be done by an instruction. There was no substantial error committed in regard to the admission of such evidence.

The first instruction given for the plaintiff related to actual damages, and included therein, as an element, "money necessarily paid out or incurred by him for physician's services and medicines, if any are shown by the evidence," etc. There was no proof of money so paid out or of a promise to pay for the same, and therein the instruction is defective. But the instruction, considered in its entirety, on the point, especially that part stating "if any are shown by the evidence," would not, on a mere incidental matter, mislead the jury or work harm to the defendant.

Complaint is made of the modification of the third and fourth instructions given on behalf of defendant. That

modification related to the mental and physical capacity of the daughter, and of her power to resist the solicitations and promises of the defendant. There was much proof that the daughter had been an invalid for many years and for a long time confined to her bed, and because of such physical condition had received but a limited education and had gone but little in society or with young men. The evidence in this case justified the court in modifying the instructions as offered, by the insertion of the language complained of.

It is also urged the declaration does not charge seduction, and therefore the reference to the declaration in connection with that subject is claimed to constitute error. The declaration charges that the defendant "debauched and carnally knew" the daughter, which, according to the approved forms, is the language used in charging seduction. Besides, the first instruction as modified, given for the defendant, recognized that the declaration did charge seduction. It begins: "You are instructed that the declaration in this case charges that the defendant seduced the plaintiff's daughter, and that whether or not the defendant did seduce her is a material issue in this case," etc.

There is no instruction given on behalf of appellee that informs the jury he is *entitled* to exemplary damages, as is claimed by appellant's counsel. The part of one referred to (none of them being numbered) limits the damages to the disgrace, etc., brought on the plaintiff and his family. It is held that such disgrace is a material element of damages. *Yundt* v: *Hartrunft*, 41 Ill. 9; *White* v. *Murtland*, 71 id. 250.

There was no substantial error committed and the judgment is affirmed.                    *Judgment affirmed.*