## SCOTT v. BANKS.

(Supreme Court, Appellate Division, First Department. October 20, 1899.)

DAMAGES—PERSONAL INJURIES—INSTRUCTION.

Where the evidence does not show the value of physicians' services rendered on account of personal injuries, an instruction that there is no evidence of pecuniary loss, "except such as might be inferred from the services of the physicians," is erroneous, when the defendant requested a charge that there was no evidence warranting damages for money loss, and the verdict leaves it impossible to say how much was awarded for pain and suffering, and how much for physicians' services.

Appeal from trial term, New York county.

Action by Thora Scott against Charles Banks. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Austen G. Fox, for appellant.
Walter H. Wood, for respondent.

BARRETT, J. This action was to recover damages for an injury which the plaintiff sustained by falling into a coal hole in front of the defendant's premises. The plaintiff had a verdict, which could probably be sustained but for a ruling upon the subject of damages. This ruling was unfortunately vital. It went to the quantum of damages, and, if erroneous, was essentially harmful. The plaintiff was attended by two physicians, whose services covered a considerable period of time. No evidence was given, however, of the value of these services. The defendant's counsel requested the learned trial judge to charge the jury that there was no evidence in the case that would warrant them in awarding damages for money loss, past or future. This was his eighth request. In response to this the learned judge charged that there was no evidence in the case of any pecuniary loss, except such as they might infer from the services of the physicians. The learned counsel for the defendant excepted to this modification, and pointedly stated that his exception related to the charge that the jury might find that the plaintiff was entitled "to pecuniary loss such as they may infer from the services of the physicians." He then emphasized his position by again requesting the court to charge his eighth request. The court observed that, if the defendant's counsel would put in direct evidence, he would charge it. To this the defendant's counsel replied: "No; I take an exception to your refusal to charge the eighth." It is thus apparent that the learned judge adhered to his original modification of the request, and, indeed, put upon the defendant the burden of meeting by direct evidence the inferences deducible from the mere rendition of the services. It is clear that this view was erroneous; and, as it is impossible to say how much the jury awarded for these services and how much for the plaintiff's pain and suffering, the verdict cannot stand. It is well settled that, where actual pecuniary damages are sought, some evidence must be given showing their existence and extent. Leeds v. Light Co., 90 N. Y. 26.

The doctrine of this case has been repeatedly reaffirmed. Hough-kirk v. Canal Co., 92 N. Y. 219; Staal v. Railroad Co., 107 N. Y. 625, 13 N. E. 624; Page v. Canal Co., 34 App. Div. 618, 54 N. Y. Supp. 442. As was well said in the Houghkirk Case, speaking of expenses of another kind, "to permit the jury to guess at their amount, as an element of the total loss, would be to substitute conjecture for proof."

The judgment and order appealed from should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.