# PETERSON v. CROSIER.

## No. 1628 (81 Pac. 860).

1. NEW TRIAL—INADVERTENCE—EXCUSABLE NEGLECT.—Where defendant's affidavits in support of an application for a new trial after judgment by default tended to show a deliberate intention on his part to abandon his defense after answer, and permit plaintiff to take judgment, and it appeared that both he and his counsel, though advised that the case would be called for trial on the date for which its was set, made no effort to prepare for trial or to obtain a continuance, he was not entitled to a new trial, under Revised Statutes 1898, section 3005, authorizing the court, in its discretion, to relieve a party from a judgment taken against him through mistake, inadvertence, surprise, or excusable neglect.

2. SAME—MERITS.—Where, in an action for seduction, defendant filed a general denial, and, after judgment by default, applied for a new trial on the ground of inadvertence and excusable neglect, an affidavit of merits, alleging that plaintiff had a good defense, consisting of the statute of limitations, and the fact that his intimacy with plaintiff was with her consent, etc., and an amended answer, pleading such defenses, were insufficient; such defenses being available under the general denial.

3. SAME—ADDITIONAL DEFENSES.—Where defendant had a good defense to an action on the merits, which could have been proved under the issues made, and, through his intentional neglect, he failed to appear for trial, and a judgment was rendered against him, it was not an abuse of discretion for the court to refuse to vacate such judgment in order to permit defendant to plead another meritorious defense which he might have had to the action, and which was known to his counsel at the time the original answer was filed.

4. SAME—NEGLIGENCE OF ATTORNEY.—Where a judgment was rendered against defendant by default after answer, he was not entitled to a new trial by reason of the fact that such default was the result of negligence on the part of his attorney.

5. SAME—BUSINESS INTERESTS.—That defendant would have lost his position as an employee of a corporation, had he attended the trial of an action against him which he knew was pending for trial, and which he took no steps to prevent being tried in his absence, was not ground for vacating a judgment entered against him by default on the ground of inadvertence and excusable neglect.

6. SEDUCTION—COMPLAINT—SUFFICIENCY.—A complaint charging that defendant wickedly seduced, debauched, and carnally knew plaintiff was sufficient to charge seduction.

(Decided July 31, 1905.)

APPEAL from District Court, Sevier County; John F. Chidester, Judge.

Action by Hannah Peterson against A. J. Crosier. From an order denying a motion to vacate a judgment.in favor of plaintiff, and granting defendant a new trial, he appeals.

AFFIRMED.

*C. W. Collins* for appellant.

*King, Burton & King* for respondent.

APPELLANT'S POINTS.

While a motion to open a default is addressed largely to the discretion of the court, all doubts should be resolved in favor of the application; and where the circumstances lead the court to hesitate as to the merits of the application, an order denying such motion to vacate the default will be reversed on appeal. If the plaintiff has a meritorious cause of action he will succeed on the merits; if he has not a meritorious cause of action, then it is all the more reason why defendant should be let in to defend and defeat the plaintiff's claim. This is the modern rule, where liberal rules of practice prevail, and has been approved by this court. (*Thomas v. Morris*, 31 Pac. [Utah] 446; *Utah Com'l & Sgs. Bk. v. Trumbo*, 53 Pac. [Utah] 1033; *Vermont Marble Co. v. Black*, 38 Pac. [Cal.] 512; *Grady v. Donahoe*, 41 Pac. [Cal.] 41; *Hanthorne v. Oliver*, 51 Pac. [Ore.] 440.)

It was not contended, nor could it be, that the first affirmative defense pleaded in the answer tendered by defendant was not a meritorious defense. There was a little contention about the statute of limitations being a meritorious defense. This

court has expressed itself upon this point also, and in line with other modern authorities. (*Kuhn v. Mont,* 44 Pac. [Utah] 1036; *Mitchell v. Campbell,* 13 Pac. [Ore.] 190; *Hanthorne v. Oliver,* 51 Pac. [Ore.] 440; *Wheeler v. Castor,* 92 N. W. [N. D.] 381.)

We consider the showing of erroneous advice of counsel, and defendant's reliance thereon in good faith, as the strongest point on this motion, and most earnestly contend on that alone this court should reverse this case. This is a new point in this court, but we have many similar cases from states which have adopted the code practice, and so far as we have been able to find, where the facts are at all similar to this case, all hold the one way—in appellant's favor. (*Douglass v. Todd,* 31 Pac. [Cal.] 623; *Wicks v. Lake,* 21 Wisc. 410, 94 Am. Dec. 552; *Whereatt v. Ellis,* 70 Wisc. 207, 5 Am. St. Rep. 164; *Baxter v. Chute,* 50 Minn. 164, 52 N. W. 379, 36 Am. St. Rep. 633; *Fuellhart v. Blood,* 7 Pa. Dis. R. 575 [found in Gen. Dig., vol. 6, p. 1308]; *Barton v. Harker,* 55 Atl. [N. J. Sup.] 105; *Gideon v. Dwyer,* 40 N. Y. Supp. 1053, N. Y. cases collated; *Crebler v. Eidelbush,* 24 Wis. 162; *Wood v. Shoenauer,* 88 N. W. [Minn.] 411.)

The word "seduce" is the ultimate conclusion and the complaint must plead the facts which establish such conclusion. It must show some promise, inducement or artifice to gain the confidence and consent of plaintiff. (*Gemmell v. Brown,* 56 N. E. [Ind.] 691; *Lampman v. Bruning,* 94 N. W. [Ia.] 562; *Baird v. Boehner,* 33 N. W. [Ia.] 694.)

If the woman voluntarily submits to the connection, without being deceived, and without any false promise, deception or artifice, the law affords her no remedy and she cannot recover. And of course to prove these things they must be plead in the complaint. We call special attention to the first case cited for a full and clear statement of this principle. (25 Am. and Eng. Ency. of Law, p. 190-1; *Breon v. Hinkle,* 13 Pac. [Ore.] 289; *Patterson v. Haydon,* 21 Pac. [Ore.] 129; *Delver v. Boardman,* 20 Iowa 446; *Baird v. Boehner,* 33 N. W. [Ia.] 694; *Ferguson v. Moore,* 39 S. W. [Tenn.] 341; *Stowers v. Singer,* 68 S. W. [Ky.] 637; *Hogan v. Cre-*

*gon,* 6 Rob. [N. Y.] 138-150, cited in *People v. Gumaer,* 39 N. Y. Supp. 326; *State v. Bryan,* 8 Pac. [Kan.] 269; *Disharoon v. State,* 22 S. W. [Tenn.] 699, a very full discussion.) This is an action conferred by statute and must be brought within the time fixed by the statute, or the cause of action itself ceases to exist, and that this point may be raised by a general demurrer. This point is raised and properly so by a general demurrer to the complaint. (*The Harrisburg,* 119 U. S. 199, 30 Law Ed. 358; *Ensign v. Lambert Mfg. Co.,* 26 S. E. [W. Va.] 431; *Hanna v. Railway Co.,* 32 Ind. 113; *Taylor v. Cranberry Co.,* 94 N. Car. 525; Tiffany, Death by Wrongful Act, sec. 121, citing many cases.)

RESPONDENT'S POINTS.

There are certain presumptions attending the actions and proceedings of a trial court, particularly where it is one of general jurisdiction. The presumption of legality in its conduct prevails, and also that it has proceeded in accordance with well-known and accepted principles of law. (2 Enc. Pl. and Pr., p. 418-419; *Moore v. Thompson,* 70 Pac. 930; *Buell v. Emerich,* 85 Cal. 116; *Coleman v. Rankin,* 37 Cal. 247; *Haight v. Green,* 19 Cal. 113; *Woodward v. Backus,* 20 Cal. 137.)

Where there is a difference of opinion between the appellate and the trial court, or it is a mere mistake of judgment, the appellate court will not reverse the action of the former. (2 Enc. Pl. and Pr., 419, 420, and cases cited; *Cushman v. Brundrett,* 50 N. Y. 296.)

Willful negligence is hardly excusable. The record shows no negligence upon the part of appellant's counsel; but even if there was the negligence of an attorney as imputed to his client, it is not ground for reversal of a cause in the appellate court. (*Kuhn v. McAllister,* 1 Utah 273; *Smith v. Tunstead,* 56 Cal. 177; *Haight v. Green,* 19 Cal. 118; *Mulholland v. Heyneman,* 19 Cal. 605; *Ekel v. Swift,* 47 Cal. 620.)

We also invite the attention of the court to the following recent decisions which bring the authorities upon this point down to date. (*Texas Fire Insurance Co. v. Berry,* 76 S. W.

219 [1903]; *Osborne v. Leach,* 133 N. C. 427 [1903]; *Simon v. Hengels,* 107 Ill. 174; *Baltimore & Ohio Ry. Co. v. Ryan,* 31 Ind. App. 597 [1903]; *Gilchrist Transportation Co. v. Northern Grain Co.,* 107 Ill. App. 531; *Daly v. Gardner,* 1 Alaska 357 [1903]; *Kupner v. Samuels,* 84 N. Y. Supp. 195; *Ingalls v. Lamar,* 115 Georgia 296 [1902].)

The rule as to what words in a complaint are sufficient in a civil suit in an action for seduction, is stated as follows: "But it is believed that by the weight of authority, and according to the approved form a declaration charging that the defendant 'debauched and carnally knew' the woman is sufficient to charge seduction." (19 Enc. Pl. and Pr., pages 405-406; *Mighell v. Stone,* 175 Ill. 261; *Mighell v. Stone,* 74 Ill. App. 129; *Witchell v. Blackford,* 65 Tenn. 141; *Stoudt v. Shepard,* 73 Mich. 588.)

In an action for seduction, the allegations of the ultimate fact of seduction is sufficient without a statement of the acts made use of to deceive the plaintiff. (*Brown v. Kingsley,* 38 Ia. 220; *Reese v. Cupp,* 59 Ind. 566.)

A general demurrer that the complaint does not state facts sufficient to constitute a cause of action is not sufficient to raise the defense of the statute of limitations. (*Thomas v. Glendenning,* 13 Utah 47; *Spanish Fork City v. Hopper,* 7 Utah 235; *Fullerton v. Bailey,* 17 Utah 885; *Whittaker v. Greenwood,* 17 Utah 33; 13 Enc., Pl. and Pr., 131, and cases cited.)

The law upon this question is well stated in a recent treatise upon the Conflict of Laws by Prof. Raleigh C. Minor of the University of Virginia. On page 524 of this work, Prof. Minor says: "If the same statute that creates the remedy, prescribes the time within which the action thereon must be brought, it is generally construed as imposing that period for the prosecution of the remedy as a condition essential to prosecuting it at all. It becomes a part of the right itself, and is governed by the same law that regulates the right in other respects (*lex loci delicti*). But if the period of limitation is not prescribed by the same statute which confers the right, but is found in a general statute, the general principle ap-

plies, and it becomes a law relating to the remedy which will
have no extra territorial force. In such case the law of the
situs of the remedy (*lex fori*) again becomes 'the proper
law.'" (*Munos v. The Southern Pacific R. R. Co.*, 51 Fed.
188; *Johnson v. R. R. Co.*, 50 Fed. 886; *O'Shields v. R. R.
Co.*, 83 Georgia 621.)

### STATEMENT OF FACTS.

This is an action by an unmarried woman for her own se-
duction. The complaint, in substance, alleges that plaintiff
was an unmarried woman, and of the age of nineteen years,
and at all times prior to the grievances mentioned she had
been chaste and virtuous; that on or about the 25th day of
April, 1902, at Salina, Sevier county, Utah, and at divers
times thereafter, during the month of May, 1902, at the same
place, defendant, with force and violence, made an indecent
assault upon plaintiff, and then and there wickedly seduced,
debauched, and carnally knew her, whereby she became sick
and pregnant, and on the 26th day of January, 1903, she
was delivered of a child of which she was so pregnant. The
complaint concludes with a demand for $10,000 damages.
It was duly verified and filed January 4, 1904. The defend-
ant, by his attorneys, filed a demurrer to the complaint, and,
for cause of demurrer, alleged that the complaint did not
state facts sufficient to constitute a cause of action. On March
1, 1904, the demurrer was overruled, and defendant given
twenty days in which to answer. On March 16, 1904, de-
fendant filed his answer, which consisted of a general denial
of the allegations of the complaint. On the 21st day of
May, 1904, the case was set for trial June 2, 1904, of which
fact defendant and his attorneys had due notice. On June 3,
1904, the cause came on regularly for trial. Plaintiff, to-
gether with her counsel, was present in court. Defendant
failed to appear either in person or by counsel. A jury was
duly impaneled and sworn to try the case. The evidence of
the plaintiff was introduced, and, upon the instructions of
the court being given, the jury retired, and later returned a
verdict in favor of the plaintiff for $2,500, and the court

thereupon made an order that judgment be entered in accordance with the verdict. On October 31, 1904, defendant duly served and filed notice and motion to vacate the verdict and all proceedings subsequent thereto upon the ground that the same was taken against him through his mistake and excusable neglect, and also a motion to arrest the same because the complaint fails to state a cause of action. Defendant tendered therewith an amended answer setting up a general denial and two affirmative defenses. In one it is alleged no deception or artifice was practiced upon the plaintiff, and in the other the statute of limitations is interposed. The affidavits filed by the defendant in support of his motion, and those of the plaintiff resisting the same, are of great length, and the matters therein alleged, much of which are entirely without merit, are too voluminous to reproduce here in detail. It appears, however, from the affidavits on file that defendant employed D. D. Hutig as counsel to represent him in said case an attorney who was, to use defendant's own language, "a member of the bar of the Supreme Court of Utah, and then and for many years last past actively engaged in the practice of law in the courts of Utah, with a large practice, and was widely known as an able and experienced lawyer;" that defendant's attorney had actual notice of the setting of the case for trial the day after such setting was made; that defendant, who resided in the county, and but a few miles from the place of trial, had several days' notice, and was in communication with his attorney respecting the subject-matter of the litigation after he received such notice, but that neither he nor his counsel made any effort to prepare for trial or to be present in court at the time the case was called. Defendant now seeks to excuse his neglect and failure to prepare for trial, and his omission and that of his counsel to appear in court when the case was called for trial, on the following grounds: (1) That his counsel had advised him that, in order to successfully rebut and overcome the evidence which he anticipated would be introduced by plaintiff, it would be necessary for him to procure certain witnesses

who were within the State, but those attendance could not be obtained in time to go to trial on the day set for the hearing of the same. (2) Quoting his own language, as the same appears in the affidavit: "That more than fifteen days prior to the time I received notice of the setting of this case for trial the manager of the company by which I am employed left for Idaho, and was at said time, and until after said trial, in Idaho, leaving me in entire charge of the company's business, and that when I received said notice I did not know and could not ascertain the whereabouts of said manager, to obtain leave of absence to attend said trial, and I did not know of any other person familiar with its business whom I could get to look after said business during my absence attending said trial, and that to have left said company's business without any one in charge, or closed up its place of business, would have resulted in the loss of my position." (3) That defendant was and is ignorant of the law and court procedure applicable to the trial of causes, and that he has since been informed that there were several things he might have done, which it is unnecessary here to enumerate, that would have avoided the necessity of subpoenaing some of the witnesses hereinbefore referred to, but that he was not so advised by his counsel, and that he did not know he could successfully plead the statute of limitations as a bar to the action. (4) That his failure to prepare and appear for trial was due to the neglect and failure of his attorney to properly advise him of his rights, and the nature and character of the defense which he could have pleaded and proved; that, had he been advised by his attorney that "he could defend on the ground of the statute of limitations, or that no deception or artifice was practiced upon said plaintiff, and that, if any intercourse was had, it was with full knowledge on her part, and to satisfy her own desires, that then affiant would have gone to his friends and borrowed such money as might have been necessary to present the two defenses." It is, however, shown by defendant's own affidavit that after the cause was set for trial he informed his attorney that "he would not be able to meet the expenses of said trial at the close thereof," and,

"having no property other than his salary with said Salina Mercantile Company, that no judgment which might be obtained could then be collected." Much more matter of the same tenor as the foregoing is set out in defendant's affidavits, but further reference to it is unnecessary. The motion to vacate and set aside the judgment and to grant a new trial was overruled. Defendant appeals.

McCARTY, J., after making the foregoing statement of the case, delivered the opinion of the court.

The first question presented by this appeal is, was the showing made by appellant sufficient to entitle him to the relief demanded? Appellant cites and relies upon section 3005, Revised Statutes 1898, in support of his contention that the court erred and that it abused its discretion in denying the motion to vacate the judgment and grant a new trial. The section referred to, so far as material here, provides that "the court . . . in its discretion, after notice to the adverse party, upon such terms as may be just, relieve a party . . . from a judgment, order or other proceeding taken against him through mistake, inadvertence, surprise or excusable neglect." The facts set out in appellant's affidavit wholly fail to bring the case within the foregoing provision of the statute. On the contrary, they tend to show a deliberate intention on his part to abandon his defense and permit plaintiff to take judgment against him. He and his counsel were advised that the case would be called for trial on the day for which it was set, and he must have known that, unless he appeared and made his defense or obtained a continuance, a judgment, in all probability, would be rendered against him; but, instead of preparing and appearing for trial, he showed an indifference which is wholly inexcusable. In order to bring a case within the foregoing provision of the statute, the moving party must show that he has used due diligence to prepare and appear for trial, and present his defense, and that he was prevented from doing so because of some accident, misfortune, or combination of circumstances over which he had no control. If, however, the "record dis-

closes mere carelessness, lack of attention, or indifference to his rights on the part of applicant or his counsel, he cannot expect an opportunity to redeem the past. If the party's negligence is without excuse or justification, he must abide the consequences." (Black on Judgments, sec. 30; *Griffin v. Brewer*, 96 Ga. 758, 22 S. E. 284; *Athens Leather Mfg. Co. v. Myers*, 98 Ga. 396, 25 S. E. 503; *Shay v. Chicago Clock Co.*, 111 Cal. 549, 44 Pac. 237; *Myers v. Landrum*, 4 Wash. 762, 31 Pac. 33.)

Besides, appellant's contention that he has a good and meritorious defense on the merits, which he has embodied in his amended answer, is entirely without merit, as the matters therein pleaded could have been proved under his first answer filed in the case, which consisted of a general denial. (19 Ency. Pl. and Pr., p. 411.)

And the further contention that appellant has a meritorious defense in his plea of the statute of limitations, also contained in his amended answer, and that the failure of his counsel to interpose this plea, who, he alleges in his affidavit, knew of this defense, but of which appellant was ignorant, is excusable neglect on his part in not pleading it in his first answer, is equally unavailing. (1 Black on Judgments, sec. 330; *Elder v. Banks et al.*, 12 Kan. 238; *Watson v. Voorhees*, 14 Kan. 328; *Gillespie v. Rogers*, 184 Pa. 488; 39 Atl. 290.)

Appellant, according to the matters set forth in his affidavits, had a good defense to the merits, and such a defense, as hereinbefore stated, could have been proved under the general denial; but he failed to avail himself of it, and now seeks to place the responsibility of such failure upon his attorney. The matters, however, set forth in the affidavits filed on behalf of respondent, tend to show that appellant before the trial showed less interest in the case, and was more indifferent as to its outcome, than his attorney, and that the failure of his attorney to be present when the case was called for trial was due to the fact that appellant had advised his attorney that, because of his (appellant's) inability to raise the means necessary to present his defense, "he

had concluded to not further defend said cause, but to let plaintiff take judgment." But even if it be conceded that appellant's failure to appear and defend at the trial was due to the neglect of his attorney, it could avail him nothing, for the rule is settled by the great weight of authority that "the facts alleged must be inconsistent with the least neglect, incompetency, or ignorance in the conduct of the suit on the part of the complainant, or on the part of his attorney or agent, the acts and omissions of whom are no more a ground for excuse than his own." (11 Ency. Pl. and Pr., p. 1190, and cases cited.) According to appellant's own affidavit, he had a good defense on the merits, but failed to avail himself of it. When a party has a good and meritorious defense to an action on the merits, which can be proved under the issues made, and, through his own intentional neglect, fails to appear for trial, and a judgment is rendered against him, it is not an abuse of discretion for the court to refuse to vacate and set aside such judgment for the purpose of allowing the party to plead some other meritorious defense which he might have to the action, and which was known to his counsel at the time he filed his answer in the first instance.

> "The general rule is that the defendant is bound to set up every defense, legal or equitable, or both, which he may have to the action, and that he waives those not pleaded." (1 Ency. Pl. and Pr., p. 852, and cases cited.)

The fact that defendant would have lost his position and been thrown out of employment, had he taken time to attend the trial and put in his defense, cannot be accepted as excusable neglect on his part. A party cannot thus intentionally remain away from a trial to which he is a party for the purpose of giving his attention to and performing other business duties of a purely private character, and, after judgment has been rendered against him, have the same set aside and the case reopened on the ground of excusable neglect. If courts and judicial proceedings were thus conducted only as they

might suit the convenience and caprice of litigants, but few cases would ever be brought to a successful termination.

Appellant's next contention is that the complaint does not state facts sufficient to constitute a cause of action, for the reason that the specific acts and means used to accomplish the seduction are not alleged. The complaint charges that the defendant "wickedly seduced, debauched, and carnally knew" plaintiff. While the authorities are not harmonious on the question as to whether a complaint is sufficient in which the term "seduced" is omitted, but which alleges that the defendant "debauched and carnally knew" the woman, it seems that the weight of authority holds that such a declaration is sufficient to charge seduction. Our attention has not been called to a decision in which a complaint which charged as in this case that the defendant "seduced, debauched, and carnally knew," etc., was held to be fatally defective; but, on the other hand, the authorities are numerous which hold that an allegation of this kind is sufficient. (19 Ency. Pl. and Pr., pp. 405, 406; *Smith v. Milburn,* 17 Iowa 30; *Mighell v. Stone,* 74 Ill. 261, 51 N. E. 906; *Leucker v. Steileu,* 89 Ill. App. 545, 31 Am. Rep. 104; *Stoudt v. Shepherd,* 73 Mich. 588, 41 N. W. 696; *Watson v. Watson,* 49 Mich. 540, 14 N. W. 489; *Brown v. Kingsley,* 38 Iowa 220; *Rees v. Cuff,* 59 Ind. 566.) The word "seduced," when applied to the conduct of a man toward a woman, has a defined and well-understood meaning; and a charge that defendant "seduced, debauched, and carnally knew" plaintiff is tantamount to saying that he used undue influence, artifice, deceit, fraud, or made some promise to induce the plaintiff to surrender her chastity and virtue to him. (7 Words and Phrases, 6389, and numerous excerpts from cases cited.)

The motion was properly denied. The judgment is affirmed, with costs.

BARTCH, C. J., and STRAUP, J., concur.