[No. 10056. Department One. February 29, 1912.]

JOHN ANDERSON, *Respondent*, v. HURLEY-MASON COMPANY, *Appellant*.[1]

DAMAGES—PERSONAL INJURIES—FUTURE PAIN—INSTRUCTIONS. In an action for personal injuries, it is not error to instruct that the jury may take into consideration any future pain that he will suffer in consequence of his injuries, instead of such future pain as he might reasonably be expected to suffer.

DAMAGES—PERSONAL INJURIES—MEDICAL EXPENSES—INSTRUCTIONS. In an action for personal injuries in which there was no evidence of expense for medical services, it is not prejudicial error to instruct that the jury may include such reasonable sum as the evidence shows he has been or may hereafter be called upon to expend for physicians and surgeons.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered July 3, 1911, upon the verdict

[1]Reported in 121 Pac. 815.

of a jury rendered in favor of the plaintiff for personal injuries sustained by an employee.   Affirmed.

*Hayden & Langhorne*, for appellant.

*Gordon, Easterday & Askren*, for respondent.

Gose, J.—This is a suit to recover damages for personal injuries, sustained by the plaintiff while in the service of the defendant.   There was a verdict and judgment for the plaintiff for $2,500.   The defendant has appealed.

The court gave to the jury, among other instructions, the following:

"If from the evidence and these instructions you consider the plaintiff is entitled to recover, then you will proceed to fix the amount of damages to be awarded him.   In doing so you should take into account the nature and extent of his injuries, the pain and suffering which he has endured, the loss of time heretofore sustained by him on account of his injuries, the effect that his injuries will have upon his earning capacity in the future, the permanency or otherwise of his injuries and any future pain which he will suffer in consequence of them and any deprivation of ability to enjoy life, as may be shown by the evidence.   You may also include such reasonable sum as the evidence satisfies you he has heretofore been or may hereafter be called upon to expend for physicians and surgeons."

The appellant earnestly contends that the instruction quoted is erroneous in at least two respects; (1) it is said that the court should have instructed the jury that it might take into account any future pain which the respondent might reasonably be expected to suffer in consequence of his injury, and that the words "which he will suffer" make the instruction erroneous; (2) that the court erred in instructing the jury: "You may also include such reasonable sum as the evidence satisfies you he has heretofore been or may hereafter be called upon to expend for physicians and surgeons." We will consider these propositions in the order stated.

We think the first assignment is highly technical.   In

criticizing this part of the instruction, counsel relies upon
the case of *Ongaro v. Twohy,* 49 Wash. 93, 94 Pac. 916.
In that case the court instructed the jury that they were au-
thorized to compensate the plaintiff "for pain and suffering
which he *may* endure in the future." The court said that
was not the rule, but that he was entitled to recover for such
future pain and suffering "as are reasonably certain to result
from the injury." There is a wide difference in meaning,
however, between the instruction in the *Ongaro* case and the
instruction given in the case at bar. The instruction in this
case is supported by the rule announced in *Harris v. Brown's
Bay Logging Co.,* 57 Wash. 8, 106 Pac. 152. In that case
an instruction was approved which permitted the jury to
compensate the injured party for "his suffering and pain
which he has undergone and which you think probable from
the testimony he will experience in the future." The word
"will" used in the present instruction puts a heavier burden
upon the injured party than was put upon him by the in-
struction in the *Ongaro* case, and is a stronger word than
the word "probable" approved in the *Harris* case. Indeed,
it may be safely said that the instruction complained of bears
harder upon the respondent than would the words "such as
are reasonably certain to happen." There is no evidence that
the respondent incurred any expense for medical services.

The second contention we think is also without merit. The
language criticized is in principle supported by *Niemyer v.
Washington Water Power Co.,* 45 Wash. 170, 88 Pac. 103;
*Webster v. Seattle, Renton etc. R. Co.,* 42 Wash. 364, 85
Pac. 2; *Cole v. Seattle, Renton etc. R. Co.,* 42 Wash. 462,
85 Pac. 3, and *Neal v. Phoenix Lumber Co.,* 64 Wash. 523,
117 Pac. 267. In the *Niemyer* case, the jury were instructed
that, if their verdict was for the plaintiff, they might allow
him such expenses as he had incurred for medical attention,
"if any is shown by the testimony in the case." It was ar-
gued that this instruction was erroneous, because there was
no evidence as to the value of the medical services rendered

to the respondent. We held that the effect of the instruction was to direct the mind of the jury to the fact that such expenses were compensatory and allowable only when based upon the evidence in the case. In the *Neal* case, the court, in instructing the jury as to the damages that could be recovered by a minor in consequence of the loss of her father, failed to consider the contingency of the daughter's death before she reached the age of eighteen years. This was urged as error on appeal. But we held that the argument was technical; that the jury knew as well as the court the uncertainty of human life, and that it no doubt considered the instruction in the light of the contingency. In *Mighel v. Stone*, 175 Ill. 261, 51 N. E. 906, a suit by the father to recover damages for the seduction of his daughter, the court included, as an element of damages, "money necessarily paid out or incurred by him for physicians' services and medicines, if any are shown by the evidence." There was no proof either of a payment or of a promise to pay for such items. It was held that the instruction was "defective," but that as limited by the words "if any are shown by the evidence," it would not on a mere incidental matter mislead the jury or work harm to the defendant.

The appellant relies on the following cases: *Olson v. Erickson*, 53 Wash. 458, 102 Pac. 400; *Grays Harbor Boom Co. v. Lownsdale*, 54 Wash. 83, 102 Pac. 1041, 104 Pac. 267; *Brown v. White*, 202 Pa. 297, 51 Atl. 962; *Scott v. Banks*, 60 N. Y. Supp. 397; *Pumphrey v. St. Louis etc. R. Co.*, 14 Tex. Civ. App. 455, 37 S. W. 360; *Chicago, St. L. & P. R. Co. v. Butler*, 10 Ind. App. 244, 38 N. E. 1; *Reed v. C., R. I. & P. R. Co.*, 57 Iowa 23, 10 N. W. 285. The instruction in the *Olson* case was held erroneous because it was thought the court assumed, "that there was evidence before the jury justifying a finding in favor of the respondent" for indebtedness incurred for medical or surgical attendance, hospital services, etc., when there was in fact no such evidence. We think the instruction there given justified that

interpretation, and in that respect it is unlike the instruction at bar. In the *Lownsdale* case, the judgment was reversed because the trial court permitted improper elements of damages to be injected into the case, and because it was thought the verdict returned could not have been found without accepting wrong elements of damages. In the *Brown* case, there was no evidence showing the amount of money expended for medical services, and the trial court permitted the jury to determine that question without evidence. The language of the instruction is not set forth. In the *Scott* case, the court instructed the jury that there was no evidence in the case of any pecuniary loss, except such as they might infer from the services of the physicians. This was held error. It is apparent that there is little resemblance between that instruction and the instruction criticized in this case. The *Pumphrey* case, supports the appellant's contention. In the *Butler* case, the jury (without any evidence on the question) was instructed that, in determining the damages, it should consider the "expenses of curing or attempting to cure himself." This was held error, the court saying that, "it is error to instruct the jury as if there was evidence in the case in support of that averment." In the *Reed* case, the court instructed the jury that, if it found the plaintiff was entitled to recover, it should allow for "expenses reasonably incurred for medical care and attention." There was no evidence as to any such expenses. The court said: "They doubtless would feel authorized to determine the amount to be allowed therefor according to their own judgment without aid of evidence." The instruction in this case limits the recovery to such reasonable sum as the evidence shows to have been expended. We think it may be fairly said of the instruction that it warned the jury that there could be no recovery for the items mentioned unless the evidence justified it.

It is not contended that the evidence is insufficient to support the verdict, or that the verdict is excessive. We have,

however, read the evidence, and it is apparent that, if the
jury credited the testimony of the respondent and his wit-
nesses, the verdict returned will hardly compensate him for
the injuries he has sustained.

The judgment is affirmed.

DUNBAR, C. J., CROW, and PARKER, JJ., concur.