HARRIET WICKS, Defendant in Error, *vs.* THE CUNEO-HENNEBERRY COMPANY, Plaintiff in Error.

*Opinion filed December 16, 1925—Rehearing denied Feb. 3, 1926.*

1. APPEALS AND ERRORS—*when questions of negligence are not open for review.* Where the Appellate Court concurs in the finding of the jury that the accident was the result of the negligence of the defendant and not of the negligence of the plaintiff, and there is competent evidence in the record supporting the finding, such question of fact is not open for review in the Supreme Court.

2. EVIDENCE—*when skiagraph is sufficiently identified.* A skiagraph or X-ray photograph of an injured member is sufficiently identified where a physician testifies that he was present when the exposure was made, that he waited while the plate was taken into the dark room and developed, and that he examined the plate and is positive it is the skiagraph of the injured member.

3. SAME—*what not sufficient foundation for admission of skiagraph.* A sufficient foundation for the admission of a skiagraph is not laid where the witness is not able to testify either that he developed the plate or saw it developed or that the skiagraph was an accurate portrayal of the conditions it purports to represent.

4. NEGLIGENCE—*what necessary to a recovery for medical and surgical services—instruction.* To authorize recovery of an amount for medical and surgical services it must be proved that the claimant paid or became liable to pay a specific amount and that the charges made were reasonable charges for such services, but payment of a physician's bill is *prima facie* evidence that it is reasonable, and where payment of a certain amount has been proved it is not error to instruct the jury to allow "reasonable physicians' bills necessarily incurred, if any," as it must be assumed the jury will not consider items not proved.

5. SAME—*when a special interrogatory is not proper.* A special interrogatory is not proper unless it relates to one of the ultimate facts upon which the rights of the parties directly depend and unless some answer responsive thereto would be inconsistent with some general verdict that might be returned upon the issues in the case, and it is never proper to ask for a special finding as to mere evidentiary facts.

6. SAME—*presumption is in favor of general verdict as against special finding.* Nothing will be presumed in aid of special findings of fact but all reasonable presumptions will be entertained in favor of the general verdict, and in determining whether special findings

are inconsistent with the general verdict, so that the latter must be held to be controlled by the former, the court cannot look to the evidence; and any inconsistency, to be controlling, must be so irreconcilable as to be incapable of being removed by any evidence admissible under the issues.

7. SAME—*when Compensation act does not apply—special finding.* In an action against an employer for an injury received on the public sidewalk adjacent to the employer's building, a special finding that the employee was on the employer's premises at the time of the injury will not, because of the Workmen's Compensation act, preclude a judgment on a verdict of guilty, as the finding is merely of an evidentiary fact; and the court will not look to the evidence to support the finding where the general verdict is supported by undisputed evidence that the accident occurred on the public sidewalk and that the hazard to which the plaintiff was exposed was common to every member of the public.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH SABATH, Judge, presiding.

GALLAGHER, KOHLSAAT, RINAKER & WILKINSON, for plaintiff in error.

ERNEST W. CLARK, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The Appellate Court for the First District has affirmed a judgment for $3000 in favor of defendant in error against plaintiff in error, and this court has allowed a petition for writ of *certiorari* to review questions of law arising on the record.

The declaration charged that plaintiff in error was in control of a certain building located at the intersection of West Twenty-second street and South Grove avenue, Chicago; that it maintained in the public sidewalk in South Grove avenue two iron doors which were warped and out of repair, and that defendant in error, while in the exercise

of due care for her own safety, tripped against the corner of one of said doors and was thrown upon the sidewalk and injured. Plaintiff in error filed three pleas to the declaration: A general plea of not guilty, a special plea denying that it was in control of the doors in the sidewalk, and a special plea that, defendant in error being employed in its printing and book-binding establishment and the injury having arisen in the course of and out of the employment, her right to maintain this common law action is barred by the provisions of the Workmen's Compensation act.

About eight o'clock A. M., February 2, 1922, defendant in error, while on her way to work in the plant of plaintiff in error, tripped against the corner of one of the iron doors maintained in the public sidewalk in South Grove avenue by plaintiff in error and was thrown to the sidewalk, seriously injuring the index and middle fingers of her right hand. The iron doors in the sidewalk were about twenty-five feet from the employees' entrance to the building, and an outer corner of one of the doors was so bent that one using the sidewalk could put his toe under the corner. The Appellate Court having concurred in the finding of the jury that the accident was the result of the negligence of plaintiff in error and not of the negligence of defendant in error, and there being legal evidence in the record supporting these findings, these questions of fact are not open for review in this court.

During the re-direct examination of defendant in error her counsel was undertaking to show by her the condition of the sidewalk in the proximity of these doors during the two weeks prior to the accident, and the court sustained an objection to his question. Thereupon the following took place:

Mr. Clark: "Well, if the court please, I am endeavoring to show that there was no contributory negligence in not having seen that condition before. They have asked a certain line of questions which would tend to show that she

should have seen the condition.   Now, I am certainly at liberty——

The court: "I do not understand that to be the defense.

Mr. Clark: "Beg pardon?

The court: "That is not the defense.

Mr. Clark: "Well, I don't know what their line of questioning was for, if that is not what is going to be insisted.

Mr. Rinaker: "I move the jury be instructed to disregard the conversation between counsel and court.

The court: "Yes.

Mr. Clark: "That is entirely satisfactory.

The court: "The jury will be instructed to do so.   Strike out the remarks."

Plaintiff in error contends that the court by its remark withdrew from the jury its defense that the accident was the result of the negligence of defendant in error and that the only way to correct the effect of the remark is to grant a new trial.   We do not concur in this view.   The ruling of the court on the objection was favorable to plaintiff in error.   The latter proceeded without objection and submitted to the jury all the questions presented by the pleadings and the evidence, including the question of contributory negligence.   It is inconceivable that the jury could have been misled by the remark of the court when the error was so promptly and effectively corrected on the suggestion of counsel for plaintiff in error.

During the examination of Dr. C. B. King defendant in error offered in evidence two skiagraphs.   When the first one was offered there was an objection that it was not properly identified.   Dr. King had testified that he was present when the exposure was made and that he waited while the plate was taken into the dark room and developed; that he examined the plate and is positive that it is the skiagraph taken of the hand of defendant in error.   It was sufficiently identified and the objection was properly overruled.   When the second skiagraph was offered in evidence there was an

objection that a proper foundation had not been laid for its admission, for the reason that the witness did not develop the plate nor did he see it developed, nor could he testify that it was an accurate portrayal of the condition of the bones of the hand. This objection should have been sustained. (*Stevens* v. *Illinois Central Railroad Co.* 306 Ill. 370.) The error in admitting it, however, was not prejudicial, for the reason that the doctor testified that the condition shown by this skiagraph is the same as that shown by the other. Furthermore, the doctor testified fully concerning the condition of the injured hand, and there was no contention on the trial that the condition described by him does not exist nor that the skiagraphs show a condition different from that described by him.

The fourth instruction given on behalf of defendant in error regarding the measure of damages included among the elements "her reasonable physicians' bills necessarily incurred, if any." Dr. George G. O'Connell treated defendant in error two or three times a week during the first month after the accident and occasionally thereafter. He testified that he made a charge for his services and that he had been paid, but he did not give the amount of his charge, nor was there any proof that it was a usual and customary charge. Dr. King testified that he saw defendant in error on three occasions; that on the third occasion he made an examination of the hand with and without the use of the X-ray; that he was paid three dollars for the first visit, and that he had not been paid for the other visits but expected to be. Plaintiff in error asked the court to instruct the jury that no recovery be allowed for medical and surgical treatment for the reason that there was no evidence of a specific amount which defendant in error had paid or had become liable to pay, and because there was no evidence that the amounts paid or charged were the usual and reasonable charges for services of that nature. This instruction was refused. It is contended that the ruling of the court on

these two instructions is error. The law is settled in this State that in order to recover for medical and surgical services it is necessary that two things be proven: First, that the claimant has paid or become liable to pay a specific amount; and second, that the charges made were reasonable charges for services of that nature. (*Schmitt* v. *Kurrus,* 234 Ill. 578; *North Chicago Street Railway Co.* v. *Cotton,* 140 id. 486.) Plaintiff in error showed on the cross-examination of Dr. King that he charged and was paid by defendant in error three dollars for his services. The payment of the bill of a physician is *prima facie* evidence that it is reasonable. (*Barlow* v. *Salt Lake and Utah Railway Co.* 57 Utah, 312, 194 Pac. 665; *Louisville and Interurban Railroad Co.* v. *Frazee,* 179 Ky. 488, 200 S. W. 948; *Dewhirst* v. *Leopold,* (Cal.) 229 Pac. 30.) Payment of the bill sufficing to make a *prima facie* case that the charge of three dollars was in fact reasonable, it was proper for the jury to consider this item as an element of damages. The given instruction states that physicians' bills should be allowed, "if any" are proven, and it must be assumed the jury did not consider items not proven. *Mighell* v. *Stone,* 175 Ill. 261; *Anderson* v. *Hurley-Mason Co.* 67 Wash. 342, 121 Pac. 815; *St. Louis and San Francisco Railroad Co.* v. *Moore,* (Miss.) 58 So. 471, 39 L. R. A. (n. s.) 978.

The jury returned a general verdict of guilty, and also made a special finding "that plaintiff was injured on the premises of the defendant, Cuneo-Henneberry Company," and it is contended that the judgment must be reversed because the general verdict and the special finding are inconsistent and irreconcilable. The real question arising on this record because of the special finding is not treated in the briefs of the parties nor was it considered by the Appellate Court. A special interrogatory is not proper unless it relates to one of the ultimate facts upon which the rights of the parties directly depend and unless some answer responsive thereto would be inconsistent with some general

verdict that might be returned upon the issues in the case. (*Smith* v. *Sanitary District,* 260 Ill. 453; *Springfield Coal Mining Co.* v. *Gedutis,* 227 id. 9; *Illinois Central Railroad Co.* v. *Scheffner,* 209 id. 9.) Interrogatories which ask for a special finding as to mere evidentiary facts are never proper. (*Pressley* v. *Bloomington and Normal Railway and Light Co.* 271 Ill. 622; *Chicago and Alton Railroad Co.* v. *Harrington,* 192 id. 9.) In determining whether the special findings are inconsistent with the general verdict so that the latter must be held to be controlled by the former this court cannot look to the evidence. All reasonable presumptions will be entertained in favor of the general verdict, while nothing will be presumed in aid of the special findings of fact. The inconsistency, to be controlling, must be irreconcilable, so as to be incapable of being removed by any evidence admissible under the issues. (*Chicago and Northwestern Railway Co.* v. *Dunleavy,* 129 Ill. 132.) The special finding in the case at bar is not irreconcilably inconsistent with the general verdict. Conceding that defendant in error was on the premises of plaintiff in error at the time she was injured, there are many situations which could have been shown by evidence admissible under the issues in this case which would have removed any apparent inconsistency. There is nothing in the special finding to show that defendant in error was an employee of plaintiff in error or that the fact that she was injured on its premises would have any bearing whatever on her right to recover, and, as we have seen, we have no right to look to the evidence to aid the special finding. The fact, if it were the fact, that the injured was on the premises of the employer at the time of the accident is merely one of the evidentiary facts necessary to establish the ultimate fact of liability and is not determinative of the liability. (*Lumaghi Coal Co.* v. *Industrial Com.* 318 Ill. 151; *Chicago Daily News Co.* v. *Industrial Com.* 306 id. 212; *Adams & Westlake Co.* v. *Industrial Com.* 292 id. 590.) The special finding being on a mere

evidentiary fact, the court properly ignored it and entered judgment on the general verdict. *Devine* v. *Federal Life Ins. Co.* 250 Ill. 203.

Ignoring, as we should, the special finding, we look to the evidence for the facts. The undisputed evidence in the record is that this accident occurred on the public sidewalk and that the hazard to which defendant in error was exposed by reason of the defective door in the sidewalk was one common to every member of the public traveling that way. The fact that she was on her way to work is unimportant. She was not on the premises where she was employed. It is clear that the accident did not arise out of or in the course of her employment in the plant of plaintiff in error, and therefore the Workmen's Compensation act has no application to this case.

The record being free from prejudicial error, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*