### DENNIS et al. v. BROWN. (No. 286.)

Court of Civil Appeals of Texas.    Eastland.
April 1, 1927.

**1. Continuance ⬦⟶19, 20(5)—Refusal of continuance for absence of only attorney of defendant familiar with case and absence of particular defendant held error.**

Where date on which trial was set was based on misunderstanding because of court's mistake as to negotiations between parties concerning date of trial, refusal of continuance for absence of only counsel of defendant familiar with case and of particular defendant was error.

**2. Continuance ⬦⟶20(5)—Presence of other assisting counsel held not to deprive motion for continuance, for absence of only counsel acquainted with case, of its equity.**

Presence of other counsel assisting in defense did not deprive motion for continuance, for absence of ,only counsel of defendant familiar with case, of its equity.

Appeal from Scurry County Court; Horace Holley, Judge.

Action by J. A. Brown against Clyde Dennis and others. Judgment for plaintiff. From an order overruling a motion for a new trial, defendants appeal. Reversed and remanded.

Beall, Beall & Beall, of Sweetwater, and Sentell & Sentell, of Snyder, for appellants.

Smith & Harris, of Snyder, and Stinson, Coombes & Brooks, of Abilene, for appellee.

LESLIE, J. This cause was tried in the county court of Scurry county, Tex., August 6, 1926. Upon a verdict of the jury in favor of the plaintiff a judgment was entered thereon, and from the action of the trial court in overruling the motion for a new trial this appeal is prosecuted. That term of the county court convened July 12, 1926, and adjourned September 13 following. This trial took place August 6th, during the term of court.

[1] There are three assignments of error, complaining of the action of the trial court in overruling the defendants' motion for postponement or continuance: (1) Because of the absence of A. E. Dennis, a party defendant; (2) because of the absence of Judge Warren Beall, leading counsel for the defendant, who had theretofore tried the case for the defendant, but who was then absent from the state; and (3) because the court overruled defendants' motion for new trial setting up the action of the court in the above particulars. The matters contained in the motion for continuance, and brought forward in the motion for a new trial, will not be set up in detail, but suffice it to say that on June 12th, the first day of the term of court, the civil docket, carrying this cause, seems to have been set forward for July 26th, after the primary election. On the last date named, the cause was again postponed because of the absence from the state of Judge Warren Beall who had theretofore tried the case, and who, it is alleged, was the only attorney interested in the defense who was familiar with the same. This postponement apparently was not contested and was evidently based upon a good and sufficient reason, as the action of opposing counsel, as well as the court in that matter of postponement, apparently recognized the unavoidable nature of the attorney's absence and the importance of his presence in the trial on behalf of the .defendant. From this action we so interpret the record before us. .

Immediately following this, opposing counsel entered into negotiations with the view of setting the case for trial August 5th, and one of the parties to such negotiation notified the trial judge of such tentative agreement, and he set the cause for trial on that date, but in doing so apparently did not know that the understanding between the attorneys for trial at that time was contingent upon the ability of the attorney for appellant to get in touch with Judge Warren Beall and the absent defendant and have them present for the trial. The effort to get in touch with said attorney and the defendant and have them present at the appointed time was not successful, but on arrival of the date tentatively agreed on by counsel, the case was called and the attorney for appellant made a motion setting up his inability to obtain the presence of such counsel and the presence of the defendant who was a material witness, not only for himself but for his co-defendant. By his motion the appellant sought first the postponement till August 10th, and if that could not be granted, a postponement until August 9th, and if that could not be granted, a continuance until the next term of the court. As noted, this was for the purpose of having present the defendant and the only attorney familiar with the facts of the case, and who had theretofore represented the appellant in the trial thereof.

[2] The fact that other counsel were present and in a manner assisting in the defense did not deprive the motion of its equity, since those present were unfamiliar with the facts and in no condition to try the case, as appears from the record, and, though diligence had·been used, the presence of the defendant was not secured. The case was not set for trial with the consent of the defendant, and the setting noted by the court was evidently based upon a misunderstanding growing ,out of negotiations between the attorneys for the respective litigants, the nature of which misunderstanding and negotiations were unknown to the trial court.

Under the showing made and upon the principles of law governing in such matters, which are well known and set forth in Apache Cotton Oil & Manufacturing Co. v.

---

⬦⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Watkins & Kelly (Tex. Civ. App.) 189 S. W. 1083, Costley v. Chapman (Tex. Civ. App.) 262 S. W. 543, Farmers' Gas Co. v. Calame (Tex. Civ. App.) 262 S. W. 546, the assignments of error are sustained and the judgment of the trial court reversed and the cause remanded for another trial.