R. W. BLAKE *et al. v.* WEST VIRGINIA INSURANCE COMPANY

(No. 7017)

Submitted October 27, 1931.     Decided November 3, 1931.

*S. A. Powell,* for plaintiffs in error.
*Hubbard & Bacon,* for defendant in error.

LIVELY, JUDGE:

The parties will be designated as in the trial court.

Plaintiffs sued by way of notice of motion for judgment on a fire insurance policy (the house having been destroyed by fire), which notice was served on defendant August 29, 1930, notifying it that the motion would be made in court on Sep-

tember 22nd, following. Defendant appeared in court on that date and moved for a postponement of the trial until another day of the term, buttressing its motion by affidavit to the effect that its general counsel, Powell, and only counsel in its employment, could not be present on that day because of business in the Supreme Court which necessitated his presence there. The court refused to set the case for another day; whereupon defendant filed a general demurrer to the notice, and a motion to quash. Plaintiffs insisted upon grounds being assigned to support the demurrer and motion to quash; and defendant asked for time to assign such grounds and until its counsel, Powell, could be present, which time was denied; and no grounds being assigned the demurrer and motion were overruled; whereupon defendant pleaded the general issue, and filed specifications of defenses under the policy to the effect that plaintiffs were not the sole and unconditional owners at the time the policy was issued; that the policy was a renewal, and that the premium therefor had not been paid in order to make it effective under a clause of the policy contract. No statement in writing specifying the matter on which plaintiff intended to rely in waiver, estoppel or in confession and avoidance was filed by plaintiffs as is provided by section 65, chapter 125, Code 1923. Plaintiffs replied generally to the specification of defenses. Defendant again moved for postponement of the trial which being denied it made no further appearance, a jury was sworn and a verdict returned on which judgment was rendered. Later in the term, Powell, general counsel, appeared and moved the court for a new trial, assigning as a ground therefor that the court erred in not postponing the trial in his absence and inability to be present when the case was first called.

The only point of error is the refusal of postponement or continuance because of the absence of Powell who was unavoidably detained in business before the Supreme Court. Defendant's counsel cite decisions, notably *Dennis* v. *Brown,* (Tex.) 293 S. W. 858; *Farmers Gas Co.* v. *Calame,* (Tex.) 262 S. W. 546; *Cusink* v. *Danzig,* 188 N. Y. 125; *Myers* v. *Trice,* 86 Va. 835, and *Smith* v. *Commonwealth,* 156 S. E. 577 (Va.); where, under the circumstances of those cases

(not similar to the instant case), the court held it to be error to refuse postponement on account of the absence of chief counsel who had prepared and was familiar with defendant's case and who was unavoidably elsewhere. Plaintiff relies upon the proposition that the absence of counsel, because of attendance upon another court, does not necessarily entitle the client to a continuance (28 Anno. Cas. 433), and that "refusal to continue a case called for trial because of the absence of leading counsel detained by an agreement in another court where other competent counsel of record are present, will not be good cause for reversal," citing *Cicerello* v. *C. & O. Ry. Co.*, 65 W. Va. 439. It is quite generally held by text writers and by courts that a motion for continuance or postponement is addressed to the sound discretion of the trial court, and its action in denying the motion will not be reversed unless plainly erroneous. *Buster* v. *Holland*, 27 W. Va. 510. In 13 C. J., sec. 48, p. 144, we find: "Absence of counsel is an excuse little favored by the courts as a ground for a continuance, and in most cases a continuance for such cause will be refused. Especially is this the case where no diligence in procuring his attendance is shown, or where no reasonable excuse for his absence is disclosed, or where the cause is of such a nature that it could be tried by another attorney without special preparation." We are in accord with these general rules respecting postponements and continuances. However, it will be noted that this procedure is by way of notice of motion for judgment, which is a simple, informal and expeditious mode of recovering money due on contract. The notice designated the 22nd day of September on which the motion would be made. The notice was served on defendant August 29th, but it does not appear *when* it was returned to the clerk's office by the sheriff. The statute requires the clerk to docket the motion, upon the return day thereof, if filed after the commencement of the term. Chapter 81, section 6, Acts 1925. (The Code of 1931 was not in effect when this case was tried). Under this procedure defendant had no opportunity to file its pleas and defenses until the day set for the motion; and the usual procedure where defense is made is to docket the motion and set it down

for trial. It may be that under the statute plaintiffs would be entitled to trial on the return day of the notice; but where meritorious defense is interposed, haste should give way to orderly procedure for the full protection of the litigants. The expeditious mode of recovery for money under contract provided by this statute should not be unduly speeded. Of course, if a defendant did not appear, judgment by default would follow. It was apparent that attorney Wass who appeared was not in the employment of defendant, but was representing Powell, its only counsel personally, in the motion for postponement. He evidently knew nothing about the merits of the case, was not prepared to try it, and he was not defendant's attorney of record. It is true Powell made no effort to secure an agreement of postponement before that day, but it does not appear when he found it necessary to be in the Supreme Court. In such circumstances, we can see no substantial reason why a postponement should not have been granted. Defendant could have been put on terms of paying to plaintiffs any costs occasioned by the postponement. None of plaintiffs' rights would have been jeopardized, and defendant would have had its day in court represented by counsel familiar with its defenses.

Under the procedure of motion for judgment on contracts, and the circumstances surrounding this particular case, we are constrained to hold that defendant has been deprived of its right to be fully heard upon its defense, and will set aside the judgment and verdict and award it a new trial. By so doing in this particular case, we are not holding that absence of counsel because of attendance upon another court is an unfailing ground for postponement or continuance.

Personally, I am not in full accord with the reasoning here given, and would affirm the lower court, but I have great respect for the opinion of the other members of the court, three of whom have spent many years of distinguished service on the circuit court bench.

The judgment will be reversed, the verdict set aside, and a new trial awarded.

*Judgment reversed, verdict set aside; new trial awarded.*