# PATTON v. EVANS.

No 5573.  Decided July 1, 1937.  (69 P. [2d] 969.)

*Dale G. Foote,* of Salt Lake City, and *K. C. Tanner,* of Portland, Or., for appellant.

*Gaylen S. Young,* of Salt Lake City, for respondent.

WOLFE, Justice.

The plaintiff sued the defendant administrator for personal services for the care of Louise Pollard Evans, deceased, over a period of 47 months and 15 days, claimed to be at the special instance and request of decedent. The reasonable value of the services was alleged to be $35 a month or a total of $1,662.52. A claim for this amount filed with the administrator was first allowed and then the allowance withdrawn.

The case was set for March 10, 1932, and by the presiding judge assigned to one of the divisions of the Third judicial district court for trial on that day. Before the judge of this division, an attorney appeared who did not represent the defendant, but who represented the defendant's attorney and made oral statement that defendant's attorney was engaged in a case in the United States District Court at Ogden and could not try the case on March 10th. The court refused to continue the case, permitted the plaintiff's attorney to give his statement to the jury and introduce evidence. The jury was orally instructed and brought in a verdict for plaintiff. Defendant appeals, assigning error that the court erred in not granting a continuance because (1) of an alleged practice and custom of the court tantamount to a rule that where an attorney was engaged in the federal court on a case, the case in the state court could keep its place on the calendar until the attorney had finished in the federal court, and (2) that it was an abuse of discretion on the part of the trial judge not to grant a continuance under the circumstances.

Respondent has filed no brief and did not appear at the argument. The fact that important questions of law are involved prevents us from treating this as an abandonment by the respondent of her case and a concession that appellant's contentions are sound. There is in-

cluded in the record a certificate of the presiding judge reading in part as follows:

> "The court further certifies that there is now and has been for a number of years past a custom and practice in the above entitled court when cases are reached for trial and attorneys therein are actually engaged in the trial of a case in the Federal Court, to postpone the trial in this court until said attorneys have completed ██ and finished said trial in the Federal Court and that until said completion, cases so postponed in this court hold their place on the calendar and are tried immediately upon the said attorneys finishing their said cases in the Federal Court."

There is also an affidavit by the attorney for defendant and by Willard Hanson, a member of the bar, supporting the motion for a new trial in addition to the above-mentioned certificate. These affidavits specify the conflicting court engagement of defendant's attorney and the alleged custom and practice of the state district court. This is the evidence as to such practice.

It is true that a long-established practice uniformly followed, especially in the federal courts, has the same force and effect as a rule of court. The Semaramis (D. C.) 50 F. (2d) 623; *United States* v. *Stevenson,* Fed. Cas. No. 16,395; *Fullerton* v. *United States Bank,* 26 U. S. (1 Pet.) 604, 7 L. Ed. 280; *Duncan* v. *United States,* 32 U. S. (7 Pet.) 435, 8 L. Ed. 739. All of these cases of practice relate to a matter inherent in the case itself or to the mechanics or the form or mode of process and not to a question of judicial courtesy or judicial administration by the court of its calendar. Each court is the master of courtesies extended and its own courtroom administration. The so-called practice and custom set out in the certificate and affidavits was not such as to have the force and effect of a rule of court. This then disposes of the contention that the court failed to give defendant the benefit of what was equivalent to one of its own rules on which he had a right to rely and pushes us into a consideration of the second question as to whether the

court in refusing a continuance under the circumstances properly exercised its discretion.

It is quite generally held by textwriters and by the courts that a motion for a continuance or postponement is addressed to the sound discretion of the trial court ▬ and its action in denying the motion will not be reversed unless plainly erroneous. *Blake* v. *West Virginia Ins. Co.*, 111 W. Va. 245, 161 S. E. 32.

"The fact that a party's counsel is unable to be present at the time set for trial because he is in attendance at another court does not necessarily entitle the client to a continuance." Ann. Cas. 1913 C, note, p. 433.

Many cases are cited under this note. Even the ten cases cited by defendant in his brief, at least four or five of which are from Texas are not contrary. There were circumstances in all these cases which led the review court to hold that the lower court should have granted a continuance. And certainly a trial court desiring to be fair would, unless there were very important and urgent counter-considerations, not force to trial a case where sole counsel was engaged in the trial of another case. But in the instant case it appears a jury had been called and it does not appear that counsel for the defendant gave the clerk or the court notice of his inability to try the case on the morning of March 10th until the venire had already arrived. A continuance would have been at the expense of the county. There is no reason shown why defendant's counsel could not have notified the court or the clerk in time to avoid the calling of jurymen. The motion was oral and very informal by some other attorney representing defendant's attorney. There is no objection to this, but unless the court chooses to act without formal motion, it has the right to have presented an affidavit of the reason why counsel cannot try his case. Counsel takes the risk when he sends an attorney friend to the court to suggest the continuance because the latter has been told the participating

attorney is engaged in another suit. Under the circumstances, we see no abuse of discretion.

Assignment is made that the instructions were orally given without consent of defendant's counsel as required by section 104-24-14, R. S. Utah 1933. In the argument in his brief, however, counsel abandons this ground by stating, "The failure to give instructions is not necessarily fatal where instructions are embodied in the record on appeal and correctly instruct the jury, and no prejudice to defendant results therefrom," calling attention to the appearance of the oral instructions in the transcript. Then follows argument that the instructions do not correctly reflect the law applicable. But since no exception was taken to the instructions as given and no request made for further instructions and no assignment as to any error in giving incorrect instructions was made, we cannot review such instructions on that ground.

Next, contention is made that the verdict is against law because it is presumed that even an adult living with his or her parent obtaining board and room acts gratuitously in taking care of the parent and that a promise will not be implied on the part of a parent from mere rendition of services. Assuming this to be correct law, the evidence was sufficient to make out a case for services at the instance and request of the parent. After plaintiff's husband was killed and after her father had died, she came at the request of her mother whom the testimony shows needed some one with her quite constantly. The plaintiff when she left her mother at rare intervals, paid for a substitute out of her own pocket. While a bill for services alleged to have been rendered to an old person for a considerable time before death without collecting on account or without anything in writing to show the agreement, or without showing that any demand had ever been made on the one cared for and what the outcome of that demand was should be carefully scrutinized before allowance by the executor, it is equally true that where an adult person with earning

power gives up that opportunity and comes to and lives with and cares for her parent when other children had equal responsibility for such care, she need not prove a case of implied promise by overwhelming evidence. It is made to appear in this case that the plaintiff's brothers and sisters were not adverse to her claim, but that the objection came from a nephew. It is only fair to say, however, that this did not appear from the evidence, but from a statement of plaintiff's counsel.

We think this case was for the jury and that the verdict must stand. The judgment of the lower court is affirmed, with costs to respondent.

FOLLAND, C. J., and HANSON, MOFFAT, and LARSON, JJ., concur.