133 So.2d 103 (1961)
Samuel J. MAISTROSKY, a/k/a Samuel J. Mack, d/b/a Self Service Shoe Store, Appellant,
v.
Mabel K. HARVEY, Appellee.
No. 2131.
District Court of Appeal of Florida. Second District.
September 22, 1961.
*104 Mann, Harrison, Mann & Rowe, St. Petersburg, for appellant.
Wightman, Rowe & Tanney, Clearwater, for appellee.
SMITH, Judge.
This was an action by the plaintiff, appellee here, against the defendant, appellant here, for injuries alleged to have been received by plaintiff while a business invitee on the premises of the defendant as a result of the collapse of a canvas stool. To understand all of the issues presented on appeal, a brief history of the cause is necessary.
The complaint was filed May 1, 1958, answer filed and a trial had before a jury. At the conclusion of the plaintiff's case, the court directed a verdict for the defendant and appeal was taken from the final judgment entered for the defendant. This court reversed that judgment, Harvey v. Maistrosky, Fla.App. 1959, 114 So.2d 810. On February 1, 1960, the court entered an order directing pre-trial conference to be held on February 29th. The record here does not show any further history of the progress of the cause until it again came on for trial on March 11, 1960. (An endeavor by the plaintiff to establish the intervening progress of the cause by affidavit of a deputy clerk of the trial court, filed in this court, was ordered stricken by previous order of this court.) Prior to the beginning of the trial on that day, the defendant filed his motion for continuance alleging that the attorney who solely handled the original investigation, preparation for the first trial, the first trial, the first appeal, and the preparation for the second trial is the only attorney in the firm representing the defendant who had any familiarity with the attorney's office file until the evening of March 10th; that this attorney was involved in a chancery proceeding before another judge of the same court which was scheduled to be concluded on March 10th; and that this attorney advised the chancellor on March 10th that the trial of this case was set to begin the next day. The chancellor advised the attorney that the chancery case would *105 continue on the next day, and the chancellor advised the attorney that he (the chancellor) would have the captioned case continued, but that on the same day the court before whom this cause was set advised the attorney that the captioned case would proceed to trial as scheduled; and that the attorney so involved was the only attorney in the law firm representing the defendant who was fully familiar with the captioned case (emphasis supplied by this court). The motion then details circumstances to show the involved, complicated, legal and factual points in question in the chancery cause and concludes that by reason thereof, it is at this time, impossible for another member of the firm to enter in the chancery proceedings and assume the representation of their client in that cause. The trial court then denied the motion stating:
"This cause came on at this time upon the defendant's motion for a continuance in the above styled cause. After argument of counsel and the court being fully advised in the premises, the motion was denied because the court finds that there has been ample time to make arrangements for standby counsel and in fact defendant is now represented by experienced and able counsel from the same law firm."
The cause then proceeded to trial resulting in a jury verdict in favor of the plaintiff, whereupon the court entered final judgment. Defendant's motion for judgment notwithstanding the verdict and motion for new trial were denied and the defendant brings this appeal, assigning as error first the denial of his motion for continuance and second the denial of certain requested charges.
In addition to these issues, the appellant filed a motion to strike portions of the brief of the appellee filed in this court. Consideration of that motion was, by order of this court, deferred until the appeal was considered on the merits.
We now consider the motion to strike. Having studied the entire record, it is now apparent that the portions of appellee's brief sought to be stricken recite matters which are dehors the record. We are confined to the record produced here. Kelley v. Kelley, Fla. 1954, 75 So.2d 191. Unless the record shows to the contrary, it shall be presumed upon appellate proceedings that the record transmitted to the court contains all proceedings in the lower court material to the points presented for decision in the court. Florida Appellate Rule 3.6(l), 31 F.S.A. The appellant's motion to strike is granted and this court does herewith strike from the appellee's brief all of the parts thereof set forth in the motion.
The parties do not dispute the fact that a motion for continuance is directed to the sound judicial discretion of the trial court, and the denial of such a motion will not be reversed by an appellate court, unless there has been a palpable abuse of this judicial discretion, which must be clearly and affirmatively made to appear. Seaboard Air Line R. Co. v. Scarborough, 52 Fla. 425, 42 So. 706. This is because the lower court is apprised of the circumstances of the case and the previous proceedings and is therefore in a better position to decide on the propriety of granting the application than the appellate court. Patton v. Evans, 92 Utah 524, 69 P.2d 969, 112 A.L.R. 589, and Annotations following.
The absence of counsel is a recognized ground for continuance. Whether or not a continuance will be granted on this ground depends necessarily on the facts and circumstances of each particular case. 7 Fla.Jur., Continuance, ¶ 14, page 15.
"Ordinarily, the fact that an attorney is professionally engaged elsewhere in the trial of a cause does not give an absolute right of continuance, and a denial of the application is generally sustained as an exercise of sound discretion. The courtesy existing between members of the bar, and recognized by trial courts, will usually in such cases enable a counsel to postpone a cause for a few days in one of the courts *106 so as to enable him to be present at both trials; but this is purely a matter of grace and not of law. * * * Moreover, it must be made to appear that under the circumstances other professional advice is unavailable, and that there is a meritorious cause of action or defense thereto which cannot be effectively presented without the presence of the absent attorney." 17 C.J.S. Continuances § 38, page 219.
The motion for continuance does not allege that the defendant relied largely upon the peculiar skill which the absent attorney was supposed to possess in conducting the trial and there is no intimation of specialization and thus, the facts recited in the motion do not bring this case within the rule established by the Supreme Court in Courtney v. Central Trust Co., 112 Fla. 298, 150 So. 276. The defendant has not demonstrated reversible error in connection with the trial court's denial of his motion for continuance.
The charges requested by the defendant and refused by the trial court have been considered, together with the entire instructions given by the court to the jury. The defendant contends that the law of this case, as established by the prior decision of this court on the first appeal, required the court to give the following charge:
"I charge you that you must determine whether the plaintiff was an invitee in the use of the stool. An invitee is normally a member of the public who has been invited into a place of business for the purpose of making a purchase. However, in this instance, whether the plaintiff was an invitee depends on whether or not she was expressly or impliedly invited to use the stool on which the accident occurred. If you find that she was not an invitee, either expressly or impliedly, with respect to the use of the stool, then you will return a verdict for the defendant."
Other charges of similar effect were requested and denied. However, the charge of the court did contain the following:
"Now I charge you it is a general rule of law that a person or an institution operating a retail business which expressly or impliedly invites the public in to make purchases has the general duty to maintain its premises in a reasonably safe place for the members of the public using the premises, and that a member of the public coming into such place of business as a prospective purchaser is in the position of what is known as a business invitee of the operator of the store, and in that relationship the business operator, in this case the defendant, if you should find such relationship to exist, owes to the customer, in this case the plaintiff, the duty to exercise ordinary care to insure  not to insure, but to provide a reasonably safe place within the premises for her to be. Now, of course, this does not mean that the defendant or operator of a store of this nature of any other retail business is a insuror or a guarantor of the safety of the persons using the premises. It simply means that they are required to exercise ordinary care in order to provide reasonably safe premises for use of the members of the public using the premises. * * * The plaintiff is obligated to exercise reasonable care for her own safety and to observe the obvious and apparent condition of the premises. * * * The law does not require the owner of the store to maintain his premises in such condition that an accident could not possibly happen to a customer."
Other charges requested by the defendant and refused have been considered. We are of the opinion that the action of the trial court in refusing the requested charges falls within the rule that an appellate court will not, where the *107 verdict is conformable to the law and to the facts, set it aside merely because the court refused to give instructions that might properly have been given. City of Jacksonville v. Vaughn, 92 Fla. 339, 110 So. 529.
The entire record in this cause leads us to the conclusion that the issues were presented to the court and jury by able counsel, the jury was properly instructed on the points of law, the jury resolved the issues by verdict in favor of the plaintiff, all parties received a fair trial, and, therefore, the judgment must be, and the same is herewith affirmed.
Affirmed.
ALLEN, Acting C.J., and KANNER, J., concur.