402 P.2d 703

**UTAH SAND & GRAVEL PRODUCTS CORP., a corporation, Plaintiff and Respondent,**

v.

**Jay TOLBERT, Defendant and Appellant.**

**No. 10280.**

Supreme Court of Utah.

June 8, 1965.

Mark S. Miner, Salt Lake City, for appellant.

James L. Barker, Salt Lake City, for respondent.

CROCKETT, Justice:

Defendant appeals from a denial of his motion to have a default judgment against him declared void for improper service of process.

On October 17, 1964, defendant was personally served with a summons which was

titled, "In the City Court of Salt Lake City, Salt Lake County, State of Utah," and indicating demand for judgment in the sum of $20,984.66.[1] A complaint was then filed "In The Third District Court," and a copy of the complaint was mailed to the defendant. Five days later, on October 22, 1964, plaintiff filed a motion and, without having served the same upon the defendant or giving him any notice thereof, obtained from the court an ex parte order allowing the summons to be changed by interlineation to show "In The Third District Court." The defendant was advised of this by letter and that he could pick up a copy of the complaint.

No answer was filed, and on November 18, 1964, a default judgment was taken against the defendant. On November 24, 1964, the defendant filed a motion to have the judgment declared void on the ground that there had been no proper service of summons on him. The motion was denied and defendant appeals therefrom.

Plaintiff places reliance on Rule 4(h) URCP which provides that:

"At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

It is true that our new rules of civil procedure were intended to eliminate undue emphasis on technicalities and to provide liberality in procedure to the end that disputes be heard and determined on their merits.[2] However, this does not mean that procedure before the courts has become entirely "without form and void." The law itself is a system of rules designed to safeguard rights and preserve order, and administration of justice under it must necessarily be carried on with some degree of order. This can be accomplished only by compliance with the rules established for that purpose. Liberality in their interpretation and application should be indulged where no prejudice or disadvantage to anyone results, but where failure to comply with the rules will result in some substantial prejudice or disadvantage to a party, they should be adhered to with fidelity.[3]

The proper issuance and service of a summons which is the means of invoking

---

1. The jurisdiction of the City Court goes only to $1,000. § 78-4-14 Utah Code Ann. (1953).

2. Utah Rules of Civil Procedure (adapted from Federal rules), effective January 1, 1950.

3. See Taylor v. E. M. Royle Corp., 1 Utah 2d 175, 264 P.2d 279 (1953); and Holton v. Holton, 121 Utah 451, 243 P.2d 438 (1952); Thomas v. District Court, 110 Utah 245, 171 P.2d 667 (1946); Glassmann v. 2nd Dist. Ct., 80 Utah 1, 12 P. 2d 361 (1932).

**410**

the jurisdiction of the court and of acquiring jurisdiction over the defendant, is the foundation of a lawsuit. Certainly one of the prime essentials is a correct designation of the court in which redress is sought and in which the defendant is required to appear and defend. If a summons, defective in such a vital particular as this one was, could be changed by amendment in the absence of and without notice to the defendant, the purpose of the service of summons would be seriously impaired. The requisite formalities of the summons and the manner of service prescribed by law are intended to assure to the recipient the bona fides of the court process and the importance of his giving serious attention thereto. These cannot be supplanted by mere notice by letter, telephone or any other such means.

█ A situation similar to the instant one was confronted in the case of Glasmann v. 2nd District Court.[4] This court held that a summons which specifies one court does not invoke the jurisdiction of any other. That ruling applies a fortiori in this case because the jurisdiction of the City Court recited in the summons is limited to $1,000, whereas the judgment demanded was in excess of $20,000. The defendant and his counsel from whom he sought advice were justified in regarding the summons as invalid because it showed that the court designated was without jurisdiction of the action.

█ Another point raised by the defendant deserves comment. Even if the defect in the summons had been some mere irregularity which could be cured by amendment, it would be difficult indeed to understand the trial court's failure to set aside the default judgment. It is in accordance with our rules, and our decisional law, that where a default has been taken against a party and there is any justifiable excuse, the court should be indulgent in setting aside the judgment to afford him an opportunity for a trial on merits, and any doubt about such a matter should be resolved in favor of doing so.[5] We cannot reconcile with this the position either of the plaintiff or of the court in standing firm upon this large judgment of $20,984.66 taken on default against the defendant when the original summons was obviously invalid on its face because it sought recovery far in excess of the jurisdiction of the court in which it stated the action was brought. The ends of justice render it imperative that the judgment be set aside. It is so ordered. Costs to defendant (Appellant).

HENRIOD, C. J., and McDONOUGH, WADE, and CALLISTER, JJ., concur.

4. Supra note 3.
5. See Rules 55(c) and 60(b), U.R.C.P. See also Board of Educ. v. Cox, 14 Utah 2d 385, 384 P.2d 806 (1963); Mayhew v. Standard Gilsonite Co., 14 Utah 2d 52, 376 P.2d 951 (1962); Locke v. Peterson, 3 Utah 2d 415, 285 P.2d 1111 (1955).