433 P.2d 1010

**REDWOOD LAND COMPANY, a partnership, Plaintiff and Respondent,**

**v.**

**Farrell W. KIMBALL and Mrs. Farrell W. Kimball, Defendants,**
**Mrs. Farrell W. Kimball, Appellant.**

**No. 10911.**

Supreme Court of Utah.

Nov. 22, 1967.

R. S. Johnson, Robert C. Cummings, Salt Lake City, for appellant.

Reed H. Richards, Salt Lake City, for respondent.

**114**

CROCKETT, Chief Justice:

Defendant, Mrs. Farrell W. Kimball, a resident of California, was granted an intermediate appeal to review an order denying her motion to quash service of summons in this action to quiet title to property in Utah.

Her argument that the motion should have been granted is grounded thus: the summons was served upon her personally in Sacramento County, California (in lieu of publication of summons, as allowed by Rule 4(f) (1) U.R.C.P.) on the 7th day of February, 1967. But proof of service was not made until eight days later, February 15, 1967, and thus not in compliance with the provision of Rule 4(g) U.R.C.P. which states that proof of such service shall be made, "within five days after service of process."

■ We are in accord with the view adopted by the trial court in denying the motion: that the defect she complains of is not jurisdictional. It is with respect to the correctness of the summons itself, and the due service thereof, which notifies the defendant that he is being sued, and by which jurisdiction over him is acquired, that there must be strict compliance. See 42 Am.Jur. 39; Utah Sand & Gravel Products Corp. v. Tolbert, 16 Utah 2d 407, 402 P.2d 703. However, proof of the fact that such service has been made, also referred to as the "return" of the summons, is something of a different character. Its only purpose is to supply the information to the court, the interested parties and their attorneys, that the defendant has been so served. See Federal Land Bank of Berkeley v. Brinton et al. (1944), 106 Utah 149 at 154, 146 P.2d 200 at 201; Bourgeious v. Santa Fe Trail Stages, Inc., 43 N.M. 453, 95 P.2d 204; Clinton v. Miller, 124 Mont. 463, 226 P.2d 487 at 495.

■ When the procedure prescribed for the acquisition of jurisdiction of the defendant has been properly carried out, that is, when there has been a correct service of a proper summons, a mistake or irregularity of the kind here shown in the proof of service does not destroy the validity of the service itself.

The denial of the motion to quash summons is affirmed. Costs to plaintiff (respondent).

CALLISTER, TUCKETT, HENRIOD, and ELLETT, JJ., concur.