Sterling GRIFFITHS and Donna Griffiths, his wife, Plaintiffs and Respondents,

v.

Jed HAMMON et al., Defendants and Appellants.

No. 14553.

Supreme Court of Utah.

Feb. 8, 1977.

Lauren N. Beasley and Randy S. Ludlow, of Cotro-Manes, Warr, Fankhauser & Beasley, Salt Lake City, for defendants and appellants.

Michael W. Park, Cedar City, for plaintiffs and respondents.

HALL, Justice:

Plaintiffs were purchasers at a sheriff's sale of a leasehold interest of the defendants which secured a past due indebtedness. Defendants remained in possession as owners during the six-month redemption period and plaintiffs brought an action for rent alleged due.

The matter was set for trial and defendants promptly filed an objection thereto based upon their counsel's inability to appear on the date set because of a previously scheduled appearance in another district court on the same day. There were no law and motion days held from the date of filing of the objection and the trial date and, consequently, the same was never heard. Defendants made no appearance on the trial date and the court thereupon entered their default, determined a reasonable rental value and entered judgment in favor of plaintiffs giving rise to this appeal.

 A party is not granted a continuance as a matter of right, but rather as an act of discretion by the court and the inability of counsel to be present at the time set for trial does not necessarily entitle the client to a continuance.[1]

When counsel has made timely objections, given necessary notice, and has made a reasonable effort to have the trial date changed for good cause, courts have held it to be an abuse of discretion not to grant a continuance.[2]

 Appellants met the requirements as set forth in *Peterson* and *Utah Sand & Gravel Products Corp.,* supra, and coupled with equity and the basic rights of a party to be heard, the trial court erred in not setting aside the default judgment.

 In regard to the merits of the lawsuit, as a matter of law an execution creditor is not generally entitled to rents during the period of redemption. This specific point was ruled upon by this court in *Local*

*Realty Co. v. Lindquist, et ux.,* 96 Utah 297, 85 P.2d 770 (1938), wherein the case of *McLaughlin v. Park City Bank,* 22 Utah 473, 63 P. 589 was cited and the following quoted therefrom:

'An execution creditor is *not* entitled to possession and rents of the property levied upon, before sale, and before *the time for redemption has expired.*'

In *Local Realty Co. v. Lindquist,* supra, the court further stated:

It is clear and undoubted that the judgment debtor is, in contemplation of law, the owner of the property during the six months allowed for redemption, and that he has a right to its use and occupation.

 In this case, however, there may be some particular fact situation or pertinent contractual provision not now in the record that would support an entitlement to the rent claimed.

Reversed and remanded for trial upon the merits.

CROCKETT, MAUGHAN and WILKINS, JJ., concur.

ELLETT, Chief Justice (concurring and dissenting).

I concur in all that is said in the main opinion except as to the last paragraph.

The gratuity—not urged by the respondent—that "there may be some particular fact situation or pertinent contractual provision not now in the record that would support an entitlement to the rent claimed" is not justified. The law is clear as stated in the Local Realty case (cited in the main opinion) that the judgment debtor is entitled to the rents, if any, accruing during the redemption period.

When and if redemption occurs, the judgment debtor must pay, in addition to the amount paid by the purchaser, the taxes assessed, necessary fire insurance, upkeep, repairs, etc., and also *six percent of the*

---

1. *Patton v. Evans,* 92 Utah 524, 69 P.2d 969 (1937).

2. *Peterson v. Crosier,* 29 Utah 235, 81 P. 860 (1905); *Warren v. Dixon Ranch Co.,* 123 Utah

416, 260 P.2d 741 (1953); *Utah Sand & Gravel Products Corp. v. Tolbert,* 16 Utah 2d 407, 402 P.2d 703 (1965); 112 A.L.R. 603; Rule 40(b), Utah Rules of Civil Procedure; Rule 5.3, Rules of Practice in the District Court.

*purchase price.*[1] Six percent for six months is one percent per month and one percent of the value of realty is generally considered to be a fair rental amount per month for that property. This is such a well-known rule of thumb that the courts can take judicial notice of it.

In my opinion there is nothing to try. The judgment should be reversed and remanded with directions to dismiss the complaint of respondents. Costs should be awarded to the appellants.

---

1. Rule 69(f)(3), Utah Rules of Civil Procedure.